J-S77014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY AURSBY | |
| Appellant | No. 3082 EDA 2013 |

Appeal from the Judgment of Sentence entered September 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002749-2012

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

CONCURRING STATEMENT BY STRASSBURGER J.:**FILED FEBRUARY 19, 2015**

I agree with the Majority's determination that, under the totality of the circumstances, Officer Telesford's articulated facts gave rise to reasonable suspicion, which justified the *Terry* stop of Appellant.  Accordingly, I would affirm.

I write separately to express my displeasure with the jurisprudence surrounding the concept of unprovoked flight.  In my view, the instant case does not turn on the issue of flight as there are a number of other relevant factors supporting the trial court's determination that the officers had reasonable suspicion to stop and frisk Appellant.  However, it seems fundamentally unfair, and likely discriminatory, that so-called "high-crime

_____

[*] Retired Senior Judge assigned to the Superior Court.

areas" are held to a lower standard with respect to Fourth Amendment protections than are areas not designated as such.

In my view, reliance on unprovoked flight in a high-crime area as a brightline basis upon which to find reasonable suspicion is dangerously close to creating a *per se* rule that the **Wardlow** Court was careful to avoid. **Illinois v. Wardlow**, 528 U.S. 119, 127-28 (2000) (Stevens, J. concurring in part, dissenting in part).

As our learned colleagues in the Tennessee Supreme Court observed correctly,

> [W]hile we do not wish to encourage flight from officers ..., we realize from a practical standpoint that flight does not always amount to reasonable suspicion. In fact, innocent reasons for flight abound in high crime areas, including: fear of retribution for speaking to officers, unwillingness to appear as witnesses, and fear of being wrongfully apprehended as a guilty party.

**State v. Nicholson**, 188 S.W.3d 649, 661 (Tenn. 2006) (holding that, under the totality of the circumstances, the defendant's flight after police officer asked him to "hold up," without more, did not provide officer with reasonable suspicion of criminal activity to justify investigatory stop).